# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:**     08-CR-159-JTM-03 |
| DIANA MARTIN | **Defendant's Attorney:**     David A. Geier |

The defendant, Diana Martin, pleaded guilty to count 1 of the indictment.

Counts 2, 3, 10, 11, and 12 of the indictment are dismissed on the motion of the United States.

**ACCORDINGLY**, the court has adjudicated defendant  guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with the Intent to Distribute and to Distribute in Excess of 50 Grams or More of Cocaine Base (Crack Cocaine), a Schedule II controlled substance, a Class A felony, in violation of 21 U.S.C. § 841(a)(1) | September 2008 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.**

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | July 5, 1965 | August 26, 2011 |
| | | Date of Imposition of Judgment |
| **Defendant's USM No.:** | 06765-090 | |
| **Defendant's Residence Address:** | 24868 Cutoff Road | |
| | Webster, WI 54893 | s/James T. Moody |
| **Defendant's Mailing Address:** | c/o Bureau of Prisons | James T. Moody |
| | | District Judge |
| | | 8/29/2011 |
| | | Date Signed: |

DEFENDANT: **DIANA**

AO 245 B (Rev. 3/01)(N.H. Rev.)          CASE NUMBER:  **08-CR-159-JTM-03**          Amended Judgment - Page 2

# IMPRISONMENT

Accordingly, it is the judgment of this court that the defendant, Diana Martin, is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 78 months. In all other respects, the judgment remains as entered on October 13, 2009.

At the defendant's request, I recommend that the defendant be given credit for time served while awaiting sentencing.

At the defendant's request, I recommend that the United States Bureau of Prisons designate an institution within 500 miles of Madison, Wisconsin.

At the defendant's request, I recommend that the defendant be given the opportunity to participate in substance and alcohol abuse education and mental health assessment and treatment programs and vocational training while confined and that the defendant receive pre-release placement in a residential re-entry center with work release privileges.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

Deputy Marshal

DEFENDANT:   **DIANA**
AO 245 B (Rev.          CASE NUMBER:   **08-CR-159-**          Amended Judgment - Page 3
3/01)(N.H. Rev.)                        **JTM-03**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years.  While on supervision, the defendant shall comply with the following standard, mandatory and special conditions.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

Defendant shall comply with the following special conditions:

1)   Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns;

2)   Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

3)   Perform up to 20 hours of community service each week if not employed at a regular lawful occupation and participate in training, counseling, daily job searches or other employment-related activities, all as directed by the probation officer, to begin within the first 90 days on placement of supervision;

4)   The defendant shall participate in drug abuse and mental health referral assessment and treatment programs at the defendant's own expense through participation in a co-payment program administered by the Probation Office as approved and directed by the supervising U.S. probation officer and the defendant shall take any medications prescribed by a licensed medical provider;

5)   The defendant shall not use illegal drugs, shall not associate with drug users and drug sellers and shall submit to drug testing, at the defendant's own expense, beginning within 15 days of release to supervision and at least 60 periodic drug tests annually thereafter, as approved and directed by the supervising U.S. probation officer, to determine whether the defendant has reverted to the use of illegal drugs. The probation office may utilize the Administrative Office of the United States Courts' phased collection process;

6)   Submit her person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises she is occupying may be subject to searches pursuant to this condition; and

7)   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

DEFENDANT:   **DIANA**

AO 245 B (Rev.
3/01)(N.H. Rev.)

CASE NUMBER:   **08-CR-159-
JTM-03**

Amended Judgment - Page 4

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

DEFENDANT:   **DIANA**

AO 245 B (Rev.          CASE NUMBER:   **08-CR-159-**          Amended Judgment - Page 5
3/01)(N.H. Rev.)                          **JTM-03**

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 | $100.00 | $0.00 | $0.00 |
| **Total** | $100.00 | $0.00 | $0.00 |

It is further ordered that the defendant shall pay to the government a special assessment of $100, which shall be due and payable immediately to the clerk of this court.

It is further ordered that the defendant shall notify the U.S. Attorney for this district within 30 days of any change of name, residence, mailing address, or material change in the defendant's economic circumstances until the financial obligation imposed by this judgment is fully paid.

I find that the defendant does not have the funds or financial resources to pay a fine required under § 5C1.2(c) of the guidelines manual without impairing her ability to support herself.  Therefore, I am imposing no fine.

DEFENDANT:   **DIANA**

AO 245 B (Rev.
3/01)(N.H. Rev.)

CASE NUMBER:   **08-CR-159-
JTM-03**

Amended Judgment - Page 6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.